# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures L.C., Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>vs.<br><br><br>MICHELE PETTY,<br><br>Defendant, | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**<br><br><br>Case No. 2:11-cv-01099-RJS |

## I. BACKGROUND

This is a receivership case. It arises from an underlying action brought by the Commodity Futures Trading Commission against defendants U.S. Ventures, LC; Winsome Investment Trust; Robert J. Andres; and Robert L. Holloway ("CFTC Action"). In the CFTC Action, it is alleged that the defendants operated a Ponzi scheme. *See* Case No. 2:11-CV-000099-BSJ. Plaintiff here, R. Wayne Klein, was appointed as Receiver in the CFTC Action. He is charged with recapturing investor funds allegedly misappropriated in the Ponzi scheme. He was reappointed as Receiver on September 28, 2011 [Dkt. 2 at ¶ 4], and thereafter filed this action seeking to recover improper payments that Defendant Michele Petty allegedly received from at least one CFTC defendant. [Dkt. 2 at ¶ 7.]

1

Before the court are Defendant's combined motions filed in response to Plaintiff's Complaint. [Dkt. 5.] First, Defendant has filed a Motion to Dismiss based on three grounds: 1) that the court lacks subject matter jurisdiction over this receivership action, 2) that the court lacks personal jurisdiction over her, and 3) that this is an improper and inconvenient venue for this litigation. [Dkt. 5 at 1-4.] Second, Defendant has filed an alternative Motion for a More Definite Statement in which she asks the court to order Plaintiff to clarify the allegations in his Complaint. [Dkt. 5 at 5-7.] For the reasons discussed below, the court denies Defendant's motions.

## II.     DISCUSSION

### A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant asks the court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure. Defendant offers two arguments in support of this motion.

First, Defendant argues that Plaintiff failed to comply with the filing deadline set forth in 28 U.S.C. § 754, *Receivers of property in different districts.* Section 754 required Plaintiff to file copies of the Complaint and his order of appointment as a receiver "in the district court for each district in which property is located" within ten days of entry of his order of appointment. The statute thus required Plaintiff to file these copies in the Western District of Texas, where Defendant resides, within ten days of his reappointment as receiver on September 28, 2011. Plaintiff filed copies of the Complaint and order of appointment on October 11, 2011–more than

ten calendar days after his reappointment. Defendant contends this deprives the court of subject matter jurisdiction.

But it is well established that an "[i]nsufficient filing under 28 U.S.C. § 754 is an argument against *personal* jurisdiction, rather than an argument against *subject matter* jurisdiction." *Klein v. Georges,* Case No. 2:12–CV–00076, 2012 WL 5844962, at *1 (D.Utah Nov. 19, 2012) (emphasis in original) (citing *Wing v. Apex Holding Co.*, Case No. 2:09–CV–00022, 2009 WL 2843343, at *3 (D.Utah Aug. 27, 2009); *Klein v. Abdulbaki*, Case No. 2:11–CV–00953, 2012 WL 2317357, at *2 (D.Utah June 18, 2012); *Klein v. Cornelius*, Case No. 2:11–CV1159, 2012 WL 2261114, at *5 (D.Utah June 15, 2012)).

Moreover, Plaintiff's Complaint filed on October 11, 2011 was timely under Rule 6, Federal Rules of Civil Procedure. The method for calculation of time under Rule 6 governs because 28 U.S.C. § 754 does not specify a method for calculating its ten-day filing period. *See* FED.R.CIV.P. 6(a) (noting that "[t]he following rules apply in computing any time period specified in . . . any statute that does not specify a method of computing time.") Under Rule 6(a)(1), the day of the event triggering the period is excluded, and although every day after is generally counted, if the last day of the period is a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Here, because the date of Plaintiff's reappointment is excluded, the first day of the ten day period was September 29, 2011. The last day fell on Saturday, October 8, 2011. Monday, October 10, 2011, was a federal holiday. Thus, Plaintiff's filing period ran through Tuesday,

3

October 11, 2011. It is undisputed that Plaintiff's Complaint and order of appointment were filed in the Western District of Texas on that day. Thus, they were timely filed. *See Georges,* 2012 WL 5844962, at *1-2 (rejecting argument identical to the one here asserted).

Second, Defendant claims that the court lacks subject matter jurisdiction because the amount in controversy is less than $75,000. [Dkt. 5 at 2.] Although not explicitly, Defendant's argument appears to rely upon the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), which applies to cases in which federal subject matter jurisdiction is based upon diversity of citizenship.

Jurisdiction here is not based upon diversity of citizenship. Rather, jurisdiction vests in this case because this action is ancillary to the CFTC Action. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all the claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy... ." It is well-settled that a "federal court, which has appointed a receiver in a proceeding of which it has jurisdiction, has jurisdiction to entertain a suit or proceeding to collect or recover assets." *Oils, Inc. v. Blankenship,* 145 F.2d 354 (10th Cir. 1944); *see also Merrill Scott & Assoc., Ltd. v. Concilium Ins. Services,* 253 Fed. Appx. 759, 2007 WL 3253671, at *4 (10th Cir. (Utah) Nov. 2, 2007) (citing *Oils, Inc.* and affirming denial of motion to dismiss). Accordingly, the court has subject matter jurisdiction over this receiver action.

## B. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction

Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, Defendant moves the court to dismiss this case on the grounds that "she has insufficient minimum contacts with the State of Utah for *in personam* jurisdiction," and that requiring her to "come to Utah and defend herself regarding a unilateral transfer of funds occurring six years prior offends traditional notions of fair play and substantial justice." [Dkt. 5 at 2-3.] Defendant asks the court to apply the Fourteenth Amendment "minimum contacts" analysis set forth in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945).

The *International Shoe* "minimum contacts" analysis, however, is inapplicable. Plaintiff has asserted a claim under federal receiver statutes authorizing nationwide service of process, 28 U.S.C. §§ 754 and 1692, *Process and orders affecting property in different districts.* In such a case, the personal jurisdiction analysis in *Peay v. BellSouth Medical Assistance Plan* provides the correct personal jurisdiction analysis. 205 F.3d 1206 (10th Cir. 2000). Under *Peay,* the court applies a two-prong test to determine if it can assert personal jurisdiction over the Defendant: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Id.* at 1209 (citations omitted). Under this test, the court concludes that it may properly assert personal jurisdiction over the Defendant.

Concerning the first prong, courts in this District have held that when read together, 28 U.S.C. §§ 754 and 1692 confer nationwide service of process for *in personam* (as well as *in rem*) jurisdiction. *Georges,* 2012 WL 5844962, at *2; *Apex Holding Co.,* 2009 WL 2843343, at *3.

5

There is no contention that Defendant was not properly served in this case. Thus, the first prong of *Peay* is satisfied.

The second *Peay* prong requires the court to determine whether its exercise of personal jurisdiction over the Defendant comports with due process. In this federal question case, however, "personal jurisdiction flows from the Due Process Clause of the *Fifth Amendment*." *Peay,* 205 F.3d at 1210 (emphasis added). In this analysis, the court is focused on whether the Plaintiff's chosen forum "is fair and reasonable to the defendant," with the burden on the Defendant to show that her "liberty interests actually have been infringed … [and] that the exercise of jurisdiction in the chosen forum will make litigation … gravely difficult and inconvenient." *Id.* at 1212 (citations omitted). It is only in "highly unusual cases that inconvenience will rise to a level of constitutional concern." *Id.* at 1212. The *Peay* court suggests a list of factors to consider in evaluating whether the Defendant has met her burden:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

*Id.* at 1212.

As noted above, the Defendant's opening brief cites to Fourteenth Amendment due process, "minimum contacts" concerns. Although she elected not to file a reply brief to address

specifically the *Peay* analysis, some of the facts she asserts at various points in her opening brief are relevant, and the court will address them in its *Peay* analysis.

The first factor, the extent of Defendant's contacts with Utah, slightly favors the Defendant, who is a citizen of Texas, does no business in Utah, and owns no property in Utah. [Dkt. 5 at 2-3.] She contends that the only times she may have ever even been in Utah "within the past ten years" was while possibly changing airplanes. [*Id.* at 2.] Plaintiff, however, alleges that the Defendant voluntarily accepted the financial distributions at issue in this case, which "came from a Utah company." [Dkt. 11 at 14.] Thus, although it is not overwhelming, the Defendant has some contact with this forum.

Next, Defendant contends that defending the case in Utah would be "unduly and unnecessarily burdensome" because her witnesses—former employees—reside mostly in San Antonio, as do "[o]ther Defendants." [*Id.*at 4.] Defendant has not shown how these facts, relevant to the second and fourth *Peay* factors, rise to the level of constitutional inconvenience. In fact, other facts may alleviate some of Defendant's claimed burden. Much of this receiver case will focus on discovery of financial documents—most of which appear to be in Utah. Additionally, in "this age of instant communication…and modern transportation" litigation burdens "in a distant forum" are lessened. *Peay*, 205 F.3d at 1213 (citations omitted). Although less convenient than a Texas forum would be, Defendant has not identified how litigating in a Utah forum will be uniquely and gravely difficult—particularly in this document-centered financial case and in light of electronic discovery and court filing, telephone and email communication, and nonstop air travel between San Antonio and Salt Lake City. Finally,

depositions of any non-party witnesses will take place where it will be convenient for them. If they're in Texas, they will likely be deposed in Texas. *See* FED.R.CIV.P. 45(c)(3)(ii)(requiring that deposition subpoenas be quashed for nonparty witnesses if subpoena requires travel of over 100 miles from "where that person resides, is employed, or regularly transacts business in person.")

Next, the interest in judicial economy weighs heavily in favor of finding personal jurisdiction over the Defendant. This case is one of numerous proceedings ancillary to the CFTC Action. Requiring each of these ancillary cases to be tried in the separate district where funds were distributed would be prohibitively expensive and would undermine the purpose of the receivership. As other courts in this District have observed, "[t]he various lawsuits brought by the Receiver would require litigation in scores of federal district courts, drastically increasing the judicial resources required to prosecute the receivership." *Georges*, 2012 WL 5844962, at *3 (citing *Cornelius,* 2012 WL 2261114, at *6).

Under the final *Peay* factor, the court considers the nature of the regulated activity in question and the extent of impact that the Defendant's activities have beyond the borders of Texas. This factor does not clearly weigh for or against exercising jurisdiction. Receivership, by its nature, requires a centralized forum to resolve competing claims arising from activities which may have taken place in various locations. This fact favors personal jurisdiction over the Defendant. Although not entirely clear from her briefing, the court assumes that Defendant's own business activities are centered in Texas.

Defendant has shown, at best, that she has limited contact with Utah aside from accepting money from the Utah company at issue and might be generally, but not gravely, inconvenienced by some aspects of litigating this case in Utah. Given the importance of centralizing actions that are part of this receiver action, the document-driven discovery that is likely to occur, and the strong judicial economy interests that will be served, the court concludes that it may assert personal jurisdiction over the Defendant. *See Cornelius*, 2012 WL 2261114, at *7 (noting that even if Defendants had shown that litigating in Utah would be "gravely difficult," under *Peay,* court may still exercise personal jurisdiction if "the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant") (internal quotations omitted). In this case, the court's exercise of personal jurisdiction over the Defendant does not violate the Fifth Amendment. Defendant's Motion to Dismiss on this ground is denied.

**C.** **Defendant's Motion to Dismiss for Improper Venue and Forum Non Conveniens**

Defendant also moves the court to dismiss this case on the grounds that venue is improper, and under the doctrine of *forum non conveniens.* [Dkt. 5 at 3-4.]

The court concludes, however, that under both 28 U.S.C. §§ 754 and 1391, venue in the District of Utah is proper. Section 754 provides that a receiver "appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts, shall…be vested with complete jurisdiction and control of all such property," and that the receiver "shall have capacity to sue in any district without ancillary appointment…." 28 U.S.C. § 754. Courts have held that under this provision, where a "receiver's complaint was brought to accomplish the objectives of the Receivership Order and was thus ancillary to the court's exclusive jurisdiction

9

over the receivership estate, venue was properly established." *S.E.C. v. Bilzerian*, 378 F.3d 1100, 1107 (D.C. Cir. 2004); *see also Scholes v. Lehmann,* 56 F.3d 750, 753 (7th Cir. 1995) (noting that venue for three receiver suits seeking to recover assets from a Ponzi scheme was "authorized by 28 U.S.C. § 754, which allows a receiver to sue in the district in which he was appointed to enforce claims anywhere in the country.")

Further, 28 U.S.C. § 1391(b), *Venue generally—venue in general,* provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, venue is proper under subsection (2), where a substantial part of the events giving rise to the claims at issue occurred in Utah as part of an alleged Ponzi scheme. Moreover, if venue were not proper under (2), if would be proper under (3), where, as discussed above, the Defendant is subject to the court's personal jurisdiction. Accordingly, the court concludes that venue is proper in this District both under §§ 754 and 1391.

Next, Defendant asks the court to dismiss this case under the doctrine of *forum non conveniens.* [Dkt. 5 at 3-4.] For the reasons discussed below, the court declines to do this.

As a general matter, a Plaintiff's choice of forum is entitled to significant weight. *Apex Holding Co.,* 2009 WL 2843343, at *9; *see also Gschwind v. Cessna Aircarft Co.,* 161 F.3d 602,

606 (10th Cir. 1998) (citations omitted) (noting that "normally, there is a strong presumption in favor of hearing the case in the plaintiff's chosen forum.") In a receiver case like this, the court gives even greater weight to Plaintiff's choice of forum. This is because Plaintiff's power to effectuate nationwide service pursuant to 28 U.S.C. §§ 754 and 1692 suggests "that Congress intended a federal receiver's choice of forum to carry particular weight." *Apex Holding Co.*, 2009 WL 2843343, at *9 (quoting *Terry v. Walker*, 369 F.Supp.2d 818, 822 (W.D.Va. 2005)).

Thus, Defendant bears a significant burden to show that dismissal under the *forum non conveniens* doctrine is warranted. She has not met this burden.

Most critically, Defendant fails to show as an initial matter that the *forum non conveniens* doctrine applies in this case. The Tenth Circuit has explained that this doctrine does not apply in cases where there is no need to apply the law of a foreign nation:

> There are two threshold questions in the *forum non conveniens* determination: first, whether there is an adequate alternative forum in which the defendant is amenable to process and second, whether foreign law applies. If the answer to either of these questions is no, the *forum non conveniens* doctrine is inapplicable.

*Gschwind*, 161 F.3d at 605-06 (citations omitted). Here, there is no contention that "foreign law applies." Thus, the *forum non conveniens* doctrine is inapplicable. *Rivendell Forest Products, Ltd. v. Canadian Pacific, Ltd.*, 2 F.3d 990, 994 (10th Cir. 1993) (noting that doctrine is "inapplicable if American law controls").

Perhaps Defendant intended to ask the court to *transfer* this case to a district in Texas, rather than dismiss it. Under 28 U.S.C. § 1404, *Change of venue*, cases may be transferred for reasons of convenience. *See* 28 U.S.C. § 1404(a) (permitting transfer of a case "[f]or the convenience of parties and witnesses….").

At best, however, Defendant simply points out that "[o]ther Defendants" and other witnesses—Defendant's "former employees"—reside in Texas. [Dkt. 5 at 5.] Defendant does not endeavor to explain why these facts will result in significant inconvenience for her or these witnesses. Neither does she show how another forum—presumably the Western District of Texas, where she lives—would be a more convenient forum for other parties or witnesses.

The insufficiency of Defendant's showing is particularly problematic for her motion in light of other facts here present. First, the costs to the receiver in litigating ancillary actions in several districts would be high. Recognizing this, "several courts have also held that the interest of justice and judicial economy are best served by keeping the ancillary actions brought by a federal receiver in the same court in which the main action was filed." *Apex Holding Co.,* 2009 WL 2843343 at *9 (citations omitted). Second, it appears likely that discovery in this case will be driven by financial documents which are easily delivered across long distances. Third, although Defendant points to possible nonparty witnesses who live in Texas, these witnesses may be deposed or compelled to attend trial only where it is convenient for them. *See* FED.R.CIV.P. 45(3)(A)-(B) (mandating or permitting quashing of subpoenas to nonparty witnesses on various grounds, including cost, travel distance, and undue burden).

These facts, together with the strong favor given to the Plaintiff's choice of forum, persuade the court that even if Defendant's motion were construed as a motion to transfer under 28 U.S.C. § 1404, it still must be denied.

### D. 12(b)(e) Motion for a More Definite Statement

As an alternative to her Motions to Dismiss, Defendant has also filed a Motion for More Definite Statement. [Dkt. 5 at 5.] Under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint, however, is so "vague or ambiguous that [a] party cannot reasonably prepare a response," a party may move for a more definite statement of the complaint. FED.R.CIV.P. 12(e).

Plaintiff's Complaint provides detailed allegations concerning the underlying alleged Ponzi scheme at issue, including dates of operation, the parties operating it, funds it took in, losses it suffered, and commissions and distributions it paid. [Dkt. 2 at ¶¶ 13-23.] Plaintiff's Complaint details alleged wire transfer payments that Defendant received in 2006, including the alleged amounts and specific dates of many of the payments, and includes allegations that the Defendant "did not provide reasonably equivalent value to U.S. Ventures in exchange for the transfers she received." [*Id.* at ¶¶ 27-30.] Plaintiff's Complaint includes allegations that these payments defrauded investors, because they were purportedly made at a time when U.S. Ventures was insolvent or was becoming insolvent. [*Id.* at ¶ 32]. Plaintiff also alleges that the funds Defendant received are recoverable under two claims for relief, and identifies statutes and other potential legal bases for recovery. [*Id.* at ¶¶ 31-39].

Plaintiff's Complaint is not so "vague or ambiguous that [the Defendant] cannot reasonably prepare a response." FED.R.CIV.P. 12(e). In fact, a review of Defendant's Answer in

this case suggests that she well understands the thrust of Plaintiff's allegations. Defendant's Motion for a More Definite Statement is denied.

### III. CONCLUSION

Based upon the foregoing, the court denies Defendant's Motion to Dismiss and Motion for a More Definite Statement. [Dkt. 5.]

IT IS SO ORDERED.

DATED this 5<u>th</u> day of September, 2013

BY THE COURT:

_____
Honorable Robert J. Shelby
United States District Judge